**UNITED STATES of America, Appellee,**

v.

**Ali Q. SHAREEF, Defendant–Appellant.**

**No. 186, Docket 80–1167.**

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1980.

Decided Nov. 13, 1980.

Max Sayah, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty. for the Eastern District of New York, Mary McGowan Davis, Asst. U. S. Atty., of counsel), for appellee.

Charles J. Hecht, New York City (Kathy Kass, Law Student, of counsel), for defendant-appellant.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and BLUMENFELD, District Judge.*

FEINBERG, Chief Judge:

Ali Q. Shareef appeals from a judgment of conviction on one count of mail fraud, 18 U.S.C. § 1341, after a fourteen-day jury trial in the United States District Court for the Eastern District of New York, before George C. Pratt, J. The indictment charged Shareef, another person, Bilal, and a corporation, Saxon & Windsor (S & W), with which they were both associated, on fifteen counts of mail fraud; Shareef was also charged with Bilal on a further count of racketeering, 18 U.S.C. §§ 1961 et seq. Bilal was acquitted on all counts, while S & W was convicted on four of the mail fraud counts. The gravamen of the prosecution was that defendants had engaged in a fraudulent enterprise selling "futures" of gold and silver. Bilal and Shareef were alleged to have used high-pressure, fraudulent telephone and mail communications as part of an overall scheme to persuade inexperienced, would-be investors into speculating in "deferred delivery contracts" for gold or silver, purchased from S & W for substantial execution fees; defendants were then alleged to have used a variety of pretenses to prevent the "investors" from liquidating their "accounts," thereby fraudulently retaining for themselves the victims' monies. For reasons appearing below, we affirm the judgment of conviction of Shareef on the one count on which he was convicted.

Appellant presents three arguments on appeal. The first is that he was convicted for acts not alleged in the indictment, in that the indictment charged defendants with "fraud in the inducement" and in "the ultimate liquidation of customers' contracts," while the only proof offered by the government at trial on the count at issue related to Shareef's role in extending investors' speculative "contracts." The second argument is that Shareef's conviction on

only one count is repugnant to verdicts of acquittal returned by the jury on the other counts charged against him. Neither argument has merit, for the reasons given by Judge Pratt in his memorandum decision dated February 20, 1980. Indeed, were these the only claims before us we would have affirmed by order. However, appellant's third argument presents an issue of first impression in this circuit and therefore justifies a published opinion, which may be cited as a precedent.

That issue is whether the mail fraud statute, 18 U.S.C. § 1341, was implicitly repealed by the Commodity Futures Trading Commission Act of 1974, 7 U.S.C. §§ 2 et seq., with respect to mail frauds involving commodity futures. While significant, this question does not require extended discussion in view of the recent and persuasive decision of the Court of Appeals for the First Circuit in United States v. Brien, 617 F.2d 299, 309–11 (1st Cir.), cert. denied, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980). As the Brien court observes, 617 F.2d at 310, there is a strong judicial policy disfavoring the inference that a statute has been repealed sub silentio by subsequent legislation. See United States v. Borden Company, 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939). For a court to make such an inference, there must be a positive repugnancy between the earlier and later statutes. See Posadas v. National City Bank, 296 U.S. 497, 504, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). Here, such a repugnancy does not exist. As in Edwards v. United States, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957 (1941), where appellant argued that the Securities Act of 1933 precluded prosecution of securities fraud under the mail fraud statute, "[w]e see no basis for a conclusion that Congress intended to repeal the earlier statute. The two can exist and be useful, side by side." Id. at 484 (footnote omitted). Like the Securities Act of 1933, the Commodity Futures Trading Commission Act of 1974 has as its primary purpose the regula-

* Honorable M. Joseph Blumenfeld, Senior District Judge of the United States District Court for the District of Connecticut, sitting by designation.

tion of certain financial market transactions. This purpose is quite consistent with the simultaneous retention of the jurisdiction of 18 U.S.C. § 1341 over the criminal prosecution of mail frauds involving, among other things, commodity futures. Nor does the legislative history cited by appellant support a judicial inference of a congressional intention to repeal this part of § 1341. In sum, we agree with the *Brien* court that the reach of § 1341 is unimpaired by the Commodity Futures Trading Commission Act of 1974.

We affirm the judgment of conviction.